Case 5:24-cv-00033   Document 53   Filed on 08/27/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JESUS RAMON NINO § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:24-CV-33 |
| § | |
| JUAN MANUEL CERVANTES REYNA § | |
| D/B/A TRANSPORTES JUMA AND § | |
| AGUSTIN ROBLES PACHUCA § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Unopposed Motion for Leave to File Amended Complaint. (Dkt. No. 51). For the reasons below, the Undersigned **RECOMMENDS** that Plaintiff's Unopposed Motion for Leave to File Amended Complaint be **GRANTED**. As a result, the Undersigned also **RECOMMENDS** that the Clerk of Court be **DIRECTED** to docket Plaintiff's Second Amended Original Complaint, (Dkt. No. 51-2), as the live pleading.

**I. BACKGROUND**

On February 12, 2024, Plaintiff filed a complaint against Defendant Juan Manual Cervantes Reyna d/b/a Transportes Juma ("Defendant Juma") and Defendant Agustin Robles Pachuca ("Defendant Pachuca"), (collectively, "Defendants"). (Dkt. No. 1). In the complaint, Plaintiff alleged that his vehicle was struck by Defendant Pachuca's tractor truck, which he was operating while in the course and scope of his employment with Defendant Juma. (*Id.* at 2–3). On July 15, 2025, Defendants filed a Motion for Partial Summary Judgment. (Dkt. No. 46). In response to Defendants' motion, Plaintiff stated that he would nonsuit some of the challenged claims. (Dkt. No. 49 at 22). Accordingly, on August 18, 2025, Plaintiff filed

this motion, seeking leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Dkt. No. 51 at 2).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course . . . within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases," a pleading may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Indeed, "[a] court must have a 'substantial reason' to deny a party's request for leave to amend. *Stem v.* Gomez, 813 F.3d 205, 216 (5th Cir. 2016) (citations omitted).

However, when a party seeks to amend its pleadings after the court's scheduling order deadline has expired, Federal Rule of Civil Procedure 16(b) governs. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) permits a court to modify a scheduling order deadline upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The good cause standard requires a party to show that deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). The factors relevant to good cause include: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; and (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (quoting *Fahim v. Marriott Hotel Servs., In.*, 551 F.3d 344, 348 (5th Cir. 2008)). "Only upon the movant's demonstration of good cause to modify the

scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C.*, 315 F.3d at 536.

### III. ANALYSIS

Pursuant to the Court's scheduling order, Plaintiff's deadline to amend pleadings was December 16, 2024. (Dkt. No. 32 at 1). Because this motion was filed after the deadline passed, Plaintiff must demonstrate good cause to modify the Court's scheduling order per Rule 16(b). Fed. R. Civ. P. 16(b).

Here, Plaintiff offers no explanation as to why he failed to timely move for leave to amend. Rather, Plaintiff incorrectly states that his motion was timely and no scheduling order is in place.[1] (Dkt. No. 51 at 2). This assertion fails to support a finding of good cause. However, the remaining three factors weigh in favor of finding good cause. First, Plaintiff's Second Amended Complaint removes certain claims challenged by Defendants' Partial Motion for Summary Judgment. (*See* Dkt. No. 46 at 5, 9, 13) (challenging Plaintiff's negligence per se, negligent entrustment, negligent maintenance, negligent retention, and negligent contracting claims); (*see also* Dkt. No. 51-2 at 5, 6) (omitting his negligence per se claim against Defendant Pachuca and negligent entrustment, negligent retention, negligent contracting, and negligent maintenance claims against Defendant Juma). Second, Plaintiff's motion is unopposed by Defendants, thus, granting leave will not cause prejudice. (*See* Dkt. No. 51 at 2). Finally, granting leave to amend would not cause significant delay.

Finding good cause, the Court must next assess whether leave to amend should

---

[1] The Court issued an amended scheduling order on November 20, 2024. (Dkt. No. 32). Absent a subsequent amended scheduling order, the parties are still required to meet the Track B deadline currently set for November 14, 2025. (*See Id.* at 2).

be granted under Rule 15(a). *See S&W Enters., L.L.C.*, 315 F.3d at 536. As provided by Rule 15, a Court should grant leave if the opposing party has given written consent to do so. Fed. R. Civ. P. 15(a)(2). Here, Defendants provided Plaintiff's counsel with written consent to file his motion for leave to amend. (Dkt. No. 51-1). Thus, Plaintiff is permitted to amend his complaint under Rule 15.

## IV. RECOMMENDATION

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Unopposed Motion for Leave to File an Amended Complaint, (Dkt. No. 51), be **GRANTED**. Further, the Undersigned **RECOMMENDS** that the Clerk of Court be **DIRECTED** to docket Plaintiff's Second Amended Original Complaint, (Dkt. No. 51-2), as the live pleading.

## NOTICE TO PARTIES

The Clerk will file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v.*

*United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** the 27th day of August, 2025.

                                                 Christopher dos Santos
                                                 United States Magistrate Judge